Victor G. Marty, Jr. and Georganne S. Marty v. Commissioner.
Marty v. Comm'r
Docket No. 5554-69 SC.
United States Tax Court
T.C. Memo 1972-11; 1972 Tax Ct. Memo LEXIS 245; 31 T.C.M. (CCH) 26; T.C.M. (RIA) 72011; January 12, 1972, Filed *245 Victor G. Marty, Jr., pro se, 230 Park Ave., New York, N. Y.Allan E. Lang, for the respondent. SACKS Memorandum Opinion SACKS, Commissioner: Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1966 in the amount of $375.46. The sole issue for decision is whether amounts received by petitioner Georganne S. Marty during the taxable year 1966 from the United States Agency for International Development as compensation for services rendered are exempt from Federal income taxation because the amounts so received were paid in Turkish Lira which were subject to certain currency restrictions. All of the facts *246 have been stipulated by the parties, and their stipulation, together with attached exhibits, is incorporated herein by this reference. Petitioners are husband and wife who at the time of filing of their petition herein resided in Jacksonville, Florida. Their joint Federal income tax return for the calendar year 1966, made on the cash basis, was filed with the director of international operations at Washington, D.C.
At all times material hereto, petitioner Victor G. Marty, Jr., was an employee of the United States Army Corps of Engineers, and was continuously employed by the Mediterranean Division with duty station in Ankara, Turkey from November 12, 1964 to January 26, 1967. During his tour of duty with the Mediterranean Division, he was accompanied by his wife, Georganne, and their two children. On or about June 24, 1966 petitioner Georganne S. Marty was employed by the United States Agency for International Development as an Editorial Assistant to the Chief, Communications Media Division. On July 1, 1966, she entered into an agreement with the United States Agency for International Development entitled Contract Between Mrs. Georganne S. Marty and Agency for International Development, *247 United States Government, Contract Number AID 77-67-1. Pursuant to the terms of this contract, Georganne S. Marty was to receive compensation for her services at the rate of 32 Turkish Lira per hour of each work day of 4 hours for the first 60 days and, if satisfactory, at the rate of 35 Turkish Lira per hour of each work day of 8 hours thereafter. As compensation for her services from June 24, 1966 to December 17, 1966, Georganne S. Marty received from the United States Agency for International Development a total of 15,360.00 Turkish Lira, 27 having a United States dollar equivalent of $1,706.66, of which total, 2,356.20 Turkish Lira, having a United States dollar equivalent of $261.80, were withheld for potential income tax purposes. [1]
At all times material hereto, United States Treasury and State Department regulations placed restrictions on the disposition of United States currency in Turkey, and on the conversion and disposition of Turkish Lira as follows: a. United States military and civilian *248 personnel were prohibited from spending United States currency on the Turkish economy. b. United States currency could be converted to Turkish Lira at designated exchange points including the United States Embassy and Officers club, but Turkish Lira could not be converted to United States currency, except that upon departure from Turkey, American military and civilian personnel could convert legally acquired local currency balances resulting from the approved sale of an automobile and/or personal and household effects. c. American facilities in Turkey were prohibited from accepting Turkish Lira in payment for goods and services. Additionally, Turkish Customs Regulations prohibited taking more than 300 Turkish Lira per person out of Turkey. Dur to the currency restrictions, petitioners were required to convert United States currency to Turkish Lira at designated exchange points in order to pay for their housing, utilities, motor fuel and certain food products which were obtained from local Turkish merchants. During her stay in Turkey, Georganne S. Marty purchased a variety of Turkish rugs, brass, furniture and pottery at a total cost of 16,450 Turkish Lira, which items she brought *249 back to the United States. While in Turkey, petitioners did not sell their automobile or any personal or household effects and departed Turkey with a total of approximately 150 Turkish Lira. On their joint Federal income tax return for 1966 petitioners reported compensation totaling 15,360.00 Turkish Lira ($1,706.66), which was received by Georganne S. Marty from the United States Agency for International Development under Contract AID 77-67-1, as exempt from tax on Form 2555 entitled Statement to Support Exemption of Income Earned Abroad. Said Form 2555 was attached to and filed as a part of petitioners' joint income tax return for the calendar year 1966. In his statutory notice of deficiency respondent determined that: * * * payments to Mrs. Georganne S. Marty by the Agency for International Development in Turkish lira for editorial services at Ankara, Turkey, in the period June 23, 1966 - December 17, 1966, are not exempt from United States income tax but are includible in your gross income under section 61 of the Internal Revenue Code in the equivalent value of $1,706.66. Therefore, taxable income is increased $1,706.66. The operative facts in this *250 case are quite simple. Georganne Marty, a United States National having bona fide residence in Turkey, was employed during 1966 by the United States Agency for International Development in Turkey and compensated for such employment in Turkish Lira. At the time, pursuant in part to United States Treasury and State Department directives, the Turkish Lira was a currency not freely convertible into United States dollars. Petitioners' argument before this Court is that the United States Government (acting through the Treasury and State Departments) having forbidden the conversion of Turkish Lira (in which currency she was compensated) into dollars, that same Government cannot now (acting through the Treasury Department) tax such currency in dollars. This argument, while candidly made and astutely bringing into focus the equities of petitioners' position is, nevertheless, based upon a neat view of what the law should be, rather than what it actually is. Nationals of the United States are required, under section 61 of the Internal Revenue Code of 1954, [2] to include in their gross income all income from whatever source derived, in the dollar equivalent of whatever currency *251 paid, unless special provision is otherwise made by law for the exclusion of such income. [3]
Foreign sources earned income may be excluded from gross income, under limited circumstances, pursuant to the provisions 28 of section 911 [4] of the Code. However, income excluded under this provision must have been received from a source other than the United States or an agency thereof. Since it can hardly be contended that he United States Agency for International Development, the source of the income controverted herein, is not an "agency of the United States," the exclusionary relief provided by section 911 is not available to petitioners. *252 This, however, is neither the answer to petitioners' argument nor the end of the Court's inquiry. If nationals of the United States are required to include in gross income all "income" (i.e., whatever is incoming") from whatever source derived - as indeed they are - it is axiomatic that such income must have a "value" to the recipient. In their excellent brief filed herein petitioners have recognized this axiom, stating their position to be that: Since the Department of State, a component of the United States Government prohibited the exchange of * * * Turkish Lira for United States dollars, * * * in essence refused to acknowledge or place any intrinsic value upon the Turkish currency. Therefore, it necessarily follows that * * * Turkish Lira * * * [cannot] be adjudged as taxable income by * * * another component of the United States Government. What petitioners, however, have overlooked in this argument is that the Turkish Lira forming the subject matter of this case did have an intrinsic value to them - namely the capability of conferring upon them an economic benefit if expended upon the Turkish Market. During 1966, according to the stipulation filed herein, Georganne *253 Marty was paid a total of 15,360.00 Turkish Lira. This stipulation also establishes that during 1966 petitioners spent in Turkey on items of a purely personal nature an amount in Turkish Lira which equaled or exceeded the amount paid Georganne Marty. The expenditure of these Turkish Lira conferred upon petitioners an economic benefit, namely, the acquisition of such things as food, housing, Turkish rugs, brass, furniture, and pottery. It is this economic benefit which constitutes the "income" to which section 61 of the Code addresses itself. If the economic benefit accruing to Georganne Marty is capable of reduction to a dollar equivalent - and there is no argument here that it is not - then such dollar equivalent must be included in gross income in the year in which it is realized, [5] i.e., 1966. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for respondent. Footnotes
1. At all times material hereto, the official rate of exchange for conversion of Turkish Lira to United States dollars was nine Turkish Lira to one United States dollar.↩
2. All Code references herein are to the Internal Revenue Code of 1954. ↩
3. That the enactment of such a sweeping requirement is within the power of Congress was long ago enunciated by the Supreme Court. See Cook v. Tait, 265 U.S. 47↩ (1924).
4. SEC. 911. EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES. (a) General Rule. - The following items shall not be included in gross income and shall be exempt from taxation under this subtitle: (1) Bona Fide Resident of Foreign Country. - In the case of an individual citizen of the United States who establishes to the satisfaction of the Secretary or his delegate that he has been a bona fide resident of a foreign country or countries for an uninterrupted period which includes an entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) which constitute earned income attributable to services performed during such uninterrupted period. The amount excluded under this paragraph for any taxable year shall be computed by applying the special rules contained in subsection (c).↩
5. Cf. Mim. 6475, 1950-1 Cum. Bull. 50, as amended by Mim. 6494, 1950-1 Cum. Bull. 54 and Mim. 6584, 1951-1 Cum. Bull. 19↩.